1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9    Alexander Paul Celaya,                    No. CV-19-03477-PHX-ROS

10                  Petitioner,                 **ORDER**

11   v.

12   David Shinn, et al.,

13                  Respondents.

14

15         In 2014, Petitioner Alexander Paul Celaya ("Celaya") was convicted in state court

16   of five counts of molestation of a child. After pursuing a direct appeal, as well as a post-

17   conviction relief proceeding in state court, Celaya filed a petition for writ of habeas corpus

18   in this court. Magistrate Judge Eileen S. Willett issued a Report and Recommendation

19   concluding that Celaya was not entitled to relief and that Grounds 1, 2(d)–(h), and 4 should

20   be dismissed as procedurally defaulted, while Grounds 2(a), (b), (c), (i), (j), and 3 of the

21   petition should be denied on the merits. (Doc. 20.) Celaya filed objections, and

22   Respondents replied. (Docs. 21, 22.) Having reviewed each ground for relief, Celaya is not

23   entitled to relief and the recommendations will be adopted.

24                            **BACKGROUND**

25         Celaya does not object to the factual background set forth in the Report and

26   Recommendation ("R&R"). Therefore, that background will be adopted in full, with the

27   clarification that in 2014 a jury found Celaya guilty on one count of child molestation of

28   his daughter, K.C., and four counts of child molestation of his niece, J.H. (Doc. 10 at 14–

25.) The facts underlying the conviction are as follows. On one occasion, Celaya took K.C. "to his room and touched his hand and penis to her vaginal area," and on more than one occasion Celaya took J.H. "upstairs into another room, removed their pants, and made her touch her vaginal area and his penis." (Doc. 11 at 69.) The superior court sentenced Celaya to serve 17 years on each count (three consecutive sentences and two concurrent sentences), for a total sentence of 51 years. (Doc. 10 at 29.)

On direct appeal, represented by a new attorney, Celaya focused primarily on the denial of his motion to sever the counts relating to K.C. from the counts related to J.H. and the denial of his motions for judgments of acquittal. (Doc. 11 at 25–33.) The Arizona Court of Appeals affirmed Celaya's convictions. (Doc. 11 at 68–72.)

In 2016, Celaya filed a Notice of Post-Conviction Relief ("PCR"), and Celaya's PCR counsel filed a PCR petition raising four issues, including prosecutorial misconduct, ineffective assistance of trial and appellate counsel, and violation of Fifth and Sixth Amendment rights. (Doc. 12 at 4.) After briefing, the superior court denied relief, and denied a subsequent motion for rehearing. (Doc. 14 at 3–8, 42.) The Arizona Court of Appeals affirmed the superior court's ruling. (Doc. 15 at 69.)

In May 2019, Celaya timely initiated this federal habeas proceeding, alleging four grounds for relief. (Doc. 1.) Respondents identified and separately addressed a number of sub-claims contained in Ground Two, and the R&R addresses some of the sub-claims separately. The grounds of Celaya's petition are as follows.

**Ground One**: Prosecutorial misconduct.

**Ground Two**: Ineffective assistance of trial counsel, specifically:

2a) Ineffective assistance of counsel in failing to marshal evidence impeaching victims/support of alibi.

2b) Ineffective assistance of counsel in failing to conduct other discovery.

2c) Ineffective assistance of counsel in failing to renew the motion for severance.

2d) Ineffective assistance of counsel in failing to object to the opening

statement.

2e) Ineffective assistance of counsel in failing to object to the rebuttal testimony of Haughn.

2f) Ineffective assistance of counsel for failing to object to the rebuttal testimony of Andrew Celaya.

2g) Ineffective assistance of counsel in failing to object to the testimony of Wendy Dutton.

2h) Ineffective assistance of counsel in failing to object to the prosecutor's closing arguments.

2i) Ineffective assistance of counsel in failing to specifically object to the introduction of recorded recollection.

2j) Ineffective assistance of counsel in failing to present known impeachment evidence.

**Ground Three**: Ineffective assistance of appellate counsel in failing to present claims related to prosecutorial misconduct and the admission of J.H.'s recorded recollection on appeal.

**Ground Four**: Violation of Fifth and Sixth Amendment rights because Celaya "was confined in jail during the trial and the sheriff's transportation practices interfered with his ability to participate in his trial and confer with his counsel."

(Doc. 4 at 1–2, Doc. 8 at 4–5.)

The R&R concludes that Grounds One, 2(d)–(h), and Four were procedurally defaulted, and that Grounds 2(a)–(c), (i), (j), and Three should be denied on the merits.

## ANALYSIS

**I.     Procedural Default: Grounds One and Four, and Grounds 2(d)–(h)**

The R&R concludes that Grounds One and Four are procedurally defaulted because the state courts denied relief on those claims by invoking an independent and adequate state rule, Arizona Rule of Criminal Procedure 32.2(a)(3). This rule precludes post-conviction relief on claims that could have been raised and adjudicated on direct appeal. Celaya

1   concedes that these issues could have been raised on direct appeal but were not. (Doc. 21

2   at 2.) Celaya claims the failure to present these issues on appeal "is a perfect example of

3   the ineffective [assistance of appellate] counsel claim." (Doc. 21 at 2.) Ineffective

4   assistance of appellate counsel can, in some circumstances, excuse the procedural default

5   of claims. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[A] claim of ineffective

6   assistance . . . generally must be presented to the state courts as an independent claim before

7   it may be used to establish cause for a procedural default."). But as explored later, Celaya

8   has not established he suffered ineffective assistance of appellate counsel. Nor has Celaya

9   established any other basis on which to excuse the procedural default of these claims.

10  Therefore, Celaya is not entitled to relief on Ground One or Ground Four.

11         Grounds 2(d), (e), (f), (g), and (h) relate to the ineffective assistance of trial counsel

12  in failing to object to the opening and closing statements and the testimony of three

13  witnesses. The R&R finds that these grounds have not been exhausted because they were

14  not fairly presented in the Petition for Review filed in the Arizona Court of Appeals

15  regarding the superior court's denial of PCR relief. (Doc. 20 at 9.) Because Celaya is

16  precluded from returning to state court to exhaust these grounds under an independent and

17  adequate state rule, Arizona Rule of Criminal Procedure 32.2(a)(3), the R&R concludes

18  that Grounds 2(d)–(h) are procedurally defaulted. Celaya has not objected to this finding,

19  and he is not entitled to relief on Grounds 2(d)–(h).

20         **II.      Merits Review: Grounds 2(a), 2(b), 2(c), 2(i), 2(j), and Ground Three**

21         Grounds 2(a), (b), and (j) relate to ineffective assistance of counsel based on

22  evidentiary issues; specifically, ineffective assistance of trial counsel in failing to use third-

23  party discovery to obtain alibi evidence, failing to conduct "other discovery" regarding

24  J.H., and failing to present certain impeachment evidence. (Doc. 1 at 8.) The superior court

25  noted that Celaya failed to comply with the Arizona Rule of Criminal Procedure requiring

26  him to submit affidavits or other evidence supporting his allegations and held that the first

27  prong of *Strickland v. Washington*, requiring deficient performance, was not met. (Doc. 14

28  at 6.) The Arizona Court of Appeals affirmed the superior court's ruling that the claims in

1    Grounds 2(a), (b), and (j) lack merit, and the R&R concludes that Celaya has failed to show

2    that the state courts' rulings were contrary to, or an unreasonable application of, *Strickland*,

3    or that the rulings were based on an unreasonable determination of the facts. (Doc. 20 at

4    16.) Celaya objects that the failure to submit affidavits was "due to the failure of the state

5    court to allow discovery during the PCR." (Doc. 21 at 2.) But Grounds 2(a), (b), and (j)

6    challenge the effectiveness of *trial counsel*, not what happened during the post-conviction

7    relief process.  That is, the fact that Celaya was not permitted to pursue discovery during

8    his post-conviction relief proceedings does not establish the superior court erred in

9    rejecting his claims. And without any objections explaining why the superior court's

10   conclusion, based on the evidence before it, was an unreasonable application of *Strickland*,

11   Celaya is not entitled to relief on Grounds 2(a), (b), and (j).

12        Ground 2(c) relates to trial counsel's failure to renew a motion to sever the counts

13   pertaining to K.C. from the counts pertaining to J.H. The superior court concluded that this

14   decision was strategic, and the Arizona Court of Appeals affirmed this reasoning. (Doc. 20

15   at 17.) Celaya objects that the decision "was not strategic" and "was never discussed" with

16   him. But trial counsel's lack of a discussion with Celaya does not mean the decision was

17   not strategic, and Celaya's "disagreement with trial counsel's strategy does not constitute

18   deficient performance on the part of trial counsel." *Murray v. Schriro*, 882 F.3d 778, 817

19   (9th Cir. 2018). Celaya is not entitled to relief on Ground 2(c).

20        Ground 2(i) relates to trial counsel's general, but not specific, objection to the

21   introduction of J.H.'s police interview. Celaya's objections accuse J.H. of lying but do not

22   object to the Magistrate Judge's recommendation that this Ground be denied. Absent any

23   objection, there is no need to review the Magistrate Judge's reasoning and Celaya is not

24   entitled to relief on Ground 2(i).

25        Ground Three relates to appellate counsel's failure to present claims of prosecutorial

26   misconduct on direct appeal. The superior court reasoned the underlying prosecutorial

27   misconduct arguments lacked merit and appellate counsel had to "select[] some issues and

28   reject[] others" when presenting his appellate arguments. (Doc. 14 at 7.) In the superior

court's view, trial "counsel's performance was not deficient." (Doc. 14 at 7.) While Celaya's objections establish he disagrees with these conclusions, his objections do not establish those conclusions were an unreasonable application of Supreme Court authority. Celaya is not entitled to relief on Ground Three.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 20) is **ADOPTED**.

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of portions of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because the portions of the petition not procedurally barred do not make a substantial showing of the denial of a constitutional right.

Dated this 5th day of May, 2020.

_____
Honorable Roslyn O. Silver
Senior United States District Judge